UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| GERALD WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:18-CV-480-REW |
| | ) | |
| v. | ) | |
| | ) | |
| SHELLI VOTAW CONYERS, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Gerald Williams is an inmate at the Northpoint Training Center, a state prison in Burgin, Kentucky. Proceeding without a lawyer, Williams filed a civil rights complaint alleging that Defendants provided him with legally inadequate medical care and displayed deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. DE #1. The Court subsequently granted Williams leave to amend his complaint to clarify the relief he sought. DE ##7, 9. This matter is now before the Court on initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons set forth below, the Court will dismiss Williams's Eighth Amendment claims with prejudice and will dismiss without prejudice any state law medical malpractice claims he intends to bring.

Williams asserts that two of the defendants—nurse practitioner Shelli Conyers and an unidentified medical director/advanced practice registered nurse—failed to check his medical records before prescribing him codeine, a medication to which he is allergic. DE #1 at 2, 5–7. Williams alleges that the codeine gave him hives and a rash and caused him to have "serious breathing problems," as well as other health-related issues. *Id.* at 2, 5. Williams claims that if

another inmate had "not intervened to discover the codeine problem," he may have died or become permanently disabled. *Id.* at 6–7.

The Complaint's allegations do not suffice to state an Eighth Amendment deliberate indifference claim against any of the defendants, as such a claim has *both* an objective *and* a subjective component. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). To satisfy the objective component, the plaintiff must allege a sufficiently serious medical need. *Id.* To satisfy the subjective component, the plaintiff must allege facts which "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Thus, even if the Court assumes that Williams has alleged a sufficiently serious medical need, he has not alleged that any of the defendants acted with the culpable state of mind required to satisfy the subjective component of a deliberate indifference claim. *See Lara-Portele v. Stine*, No. 6:07-cv-014, 2008 WL 45398, at *6 (E.D. Ky. 2008). The substance of Williams's allegations more closely resembles a medical negligence claim, and the United States Court of Appeals for the Sixth Circuit has made it clear that "the requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Johnson*, 398 F.3d at 875 (quoting *Comstock*, 273 F.3d at 703). Williams has failed to state a viable Eighth Amendment claim against any of the defendants.[1]

---

[1] Similarly, Williams's Eighth Amendment claims against defendants Dawn Patterson and Christy Jolly fail because Williams has not alleged that these individuals were personally involved in making decisions about his medical care. Instead, Williams simply alleges that these individuals responded to his grievances. (DE #1 at 3; DE #1-1). However, the Sixth Circuit has recognized

While Williams has not stated any viable Eighth Amendment claim, the Court reaches no conclusion as to any state law medical malpractice claims he may intend to assert. Rather, the Court simply declines to exercise supplemental jurisdiction over any such claims; the balance of judicial economy, convenience, fairness, and comity all point toward declining jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims").

Accordingly, the Court **ORDERS** as follows:

1. Williams's Eighth Amendment claims are **DISMISSED** with prejudice.

2. Any state law medical malpractice claims Williams may intend to assert are **DISMISSED** without prejudice.

3. This action is **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This the 11th day of September, 2018.

Signed By:
*Robert E. Wier* /R&W/
**United States District Judge**

---

that "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Medical Services,* 73 F. App'x 839, 841 (6th Cir. 2003). Moreover, Williams's Eighth Amendment claim against Correct Care Solutions also fails because he does not allege any specific facts regarding this defendant. Moreover, Correct Care Solutions is not liable to Williams merely because it may employ some of the other defendants in this case; Williams would have had to allege that those other defendants acted pursuant to a policy or custom established by Correct Care Solutions. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Here, Williams makes no such allegation.